## UNITED STATES DISTRICT COURT
### DISTRICT OF MAINE

| | | |
|---|---|---|
| *RACHEL M. ANGIS,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *Docket No. 06-154-P-S* |
| | ) | |
| *MICHAEL J. ASTRUE,*[1] | ) | |
| *Commissioner of Social Security,* | ) | |
| | ) | |
| *Defendant* | ) | |

## REPORT AND RECOMMENDED DECISION[2]

This Social Security Disability ("SSD") appeal challenges certain factual findings made by the administrative law judge and takes the position that the administrative law judge improperly evaluated the records of the plaintiff's treating physician and the plaintiff's credibility.  I recommend that the commissioner's decision be affirmed.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 404.1520; *Goodermote v. Secretary of Health & Human Servs*., 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff suffered from status post fracture of the tibial fibula, a severe impairment that did not meet or medically equal the elements of any impairment listed in Appendix 1 to Subpart P, 20 C.F.R. Part 404 ("the Listings"), Findings 3-4, Record at 28; that the

---

[1] Pursuant to Fed. R. Civ. P. 25(d)(1), I have substituted currently serving Commissioner of Social Security Michael J. Astrue as the defendant in this matter.

[2] This action is properly brought under 42 U.S.C. § 405(g).  The commissioner has admitted that the plaintiff has exhausted her administrative remedies.  The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office.  Oral argument was held before me on July 3, 2007 pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to *(continued on next page)*

plaintiff's allegations concerning her limitations were not totally credible, Finding 5, *id*.; that the plaintiff had the residual functional capacity to perform sedentary work with a sit/stand option, requiring only occasional bending, stopping, kneeling, crouching, or crawling, not requiring walking on uneven surfaces and without exposure to heights and moving machinery, Finding 6, *id*.; that she was unable to perform any of her past relevant work, Finding 7, *id*.; that, given her age (younger individual), education (more than high school or high school equivalent), transferable skills and residual functional capacity to perform a significant range of sedentary work, use of Rule 201.22 from 20 C.F.R. Part 404, Subpart P, Appendix 2 ("the Grid") as a framework for decision-making led to the conclusion that there were a significant number of jobs in the national economy that she could perform, including leasing manager or housing project manager, Findings 8-12, *id*. at 28-29; and that the plaintiff was not under a disability as that term is defined in the Social Security Act at any time through the date of the decision, Finding 13, *id*. at 29. The Appeals Council declined to review the decision, *id*. at 9-11, making it the final determination of the commissioner, 20 C.F.R. § 404.981; *Dupuis v. Secretary of Health & Human Servs.*, 647 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 405(g); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential review process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her

---

relevant statutes, regulations, case authority and page references to the administrative record.

past relevant work.  20 C.F.R. § 404.1520(f); *Bowen v. Yuckert*, 482 U.S. 136, 147 n.5 (1987); *Goodermote*, 647 F.2d at 7.  The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's residual work capacity to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

## Discussion

The plaintiff first attacks, Statement of Errors, etc. ("Itemized Statement") (Docket No. 8) at 3, the administrative law judge's statement, "Although nerve damage to her ankle has been ruled out, she has some persistent swelling, ankle tenderness, a painful gait, and chronic, essentially continuous pain," Record at 23 (citations omitted).  The plaintiff asserts that Dr. Christopher Cary "found that Plaintiff had hyperalgesia to pin scratch over the distribution of the superficial peroneal nerve the left side [sic].  She also experiences parasthesia to light touch and pin scratch on the distribution of the left superficial peroneal nerve."  Itemized Statement at 3 (emphasis omitted).  She offers no definition of the medical terms in this passage and no explanation of how the passage establishes the existence of nerve damage.  Nor does she explicate the relationship between nerve damage and disability, *i.e.*, why the existence of nerve damage would necessitate a different outcome on her claim for benefits.[3]  The administrative law judge cites Exhibit 7F in support of his statement that nerve damage to the ankle has been ruled out.  Record at 23.  That exhibit is the records of Dr. Raymond R. White, an orthopaedic surgeon.  *Id*. at 161-90.  I can find no mention of nerve damage in those records.  The exhibit to which the plaintiff refers, Itemized Statement at 3, is the treatment records of Dr. Christopher Cary, dated almost two years after Dr. White's records.  *Id*. at 369-83.  Dr. Cary does describe the condition for which he is treating the plaintiff as a "neuropathic injury," *id*. at 369, but there is no indication in his

---

[3] At oral argument, counsel for the plaintiff stated that the existence of nerve damage may not necessitate a different outcome on the plaintiff's claim but that it should have been taken into consideration.  At this point in the claim process, when a court is reviewing the commissioner's decision, an error that could not necessitate a different outcome on the claim if it were corrected can only be (*continued on next page*)

records of the effect this injury, which in the last entry appears to be responding to treatment, *id.*, might have on the plaintiff's ability to perform sedentary work. In the absence of any such evidence in the record, the administrative law judge's possible error is harmless.

The plaintiff next contends that the administrative law judge should not have "adopted" the opinions of the state-agency physicians who reviewed the plaintiff's medical records because those opinions "contradicted the opinion of Dr. Raymond White, Plaintiff's treating physician[.]" Itemized Statement at 3. She cites a physical residual functional capacity assessment form filled out by Dr. White and dated January 21, 2005, Record at 393-400, two years after he last examined the plaintiff, *id.* at 23. Dr. White opined that the plaintiff could lift and carry less than 10 pounds occasionally and no weight at all frequently; could stand and/or walk less than 2 hours in an 8-hour work day; could sit for a total of less than 6 hours in an 8-hour work day; could never use foot controls; could never climb, balance, stoop, crouch or crawl, and could only occasionally kneel; and had to avoid even moderate exposure to extreme cold. *Id.* at 394-97.[4] The administrative law judge discussed his reasons for rejecting portions of this report and observed that it was 'inconsistent with the opinion of the reviewing Disability Determination Services doctor, who concluded the claimant could perform sedentary work." *Id.* at 25. I agree that the form itself as filled out by Dr. White is devoid of the evidence of "medically acceptable clinical and laboratory diagnostic techniques" that are required in order to give the report controlling weight, Social Security Ruling 96-2p, reprinted in *West's Social Security Reporting Service* Rulings (Supp. 2006) at 111, which is apparently what the plaintiff seeks, Itemized Statement at 4-5. The report is certainly inconsistent with the limitations set by the state-agency reviewing physicians in August and December 2002. Record at 160, 198. Dr. Hayes, who

---

characterized as harmless.
[4] On July 12, 2002, two and one-half years before he filled out the RFC form, Dr. White opined that "[i]n the future, [the plaintiff] will be able to work a 40-hour week but this will be predominantly sedentary activities." Record at 152.

completed the form in December 2002, stated that his limitations were significantly different from those then imposed by Dr. White only in that Dr. White imposed a one-hour-per-day restriction on walking while Dr. Hayes felt that two hours was supported by the medical records — "O[ther]w[ise] we concur."  Record at 192, 197.  Since Dr. White's 2005 limitations are not consistent with the reports of the state-agency reviewers in at least this respect, and not even consistent with his own findings in 2002, a change for which he gives no explanation more than two years after he last examined the plaintiff, the administrative law judge was not constrained to adopt Dr. White's later RFC, *see, e.g., Keating v. Secretary of Health & Human Servs.*, 848 F.2d 271, 276 (1st Cir. 1988) ("A treating physician's conclusions regarding total disability may be rejected by the Secretary especially when, as here, contradictory medical advisor evidence appears in the record."), and his explanation for not doing so is sufficient,[5] *see* 20 C.F.R. § 404.1527(d)(2).

The plaintiff next attacks the administrative law judge's credibility finding, asserting that his finding that "she only took Ibuprofen" is incorrect.  Itemized Statement at 5.  She states that "the record indicates that Plaintiff was taking Lamictal, Effexor and Fosomax."  *Id.*  Again, she offers no discussion of any reason why the outcome of her application would have been different if this alleged error had not been made.  The plaintiff apparently refers to the following observation by the administrative law judge:

> While the claimant's work record and lack of secondary gain along with her consistent efforts to seek timely and appropriate treatment tend to corroborate her claim, her use of pain medication tends to erode her claim: she now takes no pain medications other than ibuprofen, which she says relieves her pain by 50 percent.  The claimant has used the drugs Vicodin, Oxycontin, Paxil, Fosomax, and Celebrex 200 mg.

---

[5] The plaintiff asserts in this regard that "Dr. McGuckin's notes of May and June, 2004 reflect[] that Plaintiff is *disabled* because of the ankle."  Itemized Statement at 5 (emphasis in original).  The question whether a claimant is disabled is reserved to the commissioner, and a treating physician's opinion that a claimant is disabled is "not [a] medical opinion[]" for purposes of applications for Social Security benefits.  20 C.F.R. § 404.1527(e).

Record at 25.  The plaintiff cites her undated report of medications, apparently completed at some time in or after August 2004, Record at 317, in support of her argument, Itemized Statement at 5. However, as the report makes clear, she was at that time taking only Lamictal for pain, the subject of the administrative law judge's observation.  The Effexor was taken for depression and the Fosomax for bone density.  Record at 317.  The plaintiff did testify at a hearing held on June 5, 2003, *id*. at 401, that she was then only taking ibuprofen for pain and that it "may cut the pain down in half," *id*. at 413-14, but she testified on January 26, 2005, *id*. at 441, that she had been taking Lamictal for pain "[b]ut that's been changed because it started to make me sick.  Now, I've . . . started on . . . Gabratil," *id*. at 444.  Since the administrative law judge found some of the plaintiff's testimony "generally credible," *id*. at 24,  it is incumbent upon the plaintiff to identify the way or ways in which this specific error on the part of the administrative law judge so affects the outcome of her claim that remand is necessary. This she has failed to do.

Finally, the plaintiff cites the testimony of the vocational expert at the first of her two hearings to the effect that there would be no work for her if the administrative law judge found, in addition to the residual functional capacity that he assigned to her in his opinion, that she had a marked inability to complete a work day or maintain persistence and pace on a sustained basis.  Itemized Statement at 6. She cites no medical evidence in support of her necessarily implied assertion that this is in fact the case other than the administrative law judge's errors discussed above and Dr. White's assessment of her residual functional capacity.  *Id*.  Dr. White's assessment says nothing about ability to complete a work day or maintain pace, Record at 393-400, which are in any event elements of an assessment of mental rather than physical limitations.  The only one of the alleged errors that might reasonably be construed to be applicable here is the discussion of the plaintiff's testimony about her pain, but the failure of the plaintiff to connect that error to any resulting necessary change in the outcome of her

claim, let alone to "inability to complete a work day or maintain persistence and pace on a sustained basis," Itemized Statement at 6, is fatal to this argument.

## Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 11th day of July, 2007.

/s/ David M. Cohen
David M. Cohen
United States Magistrate Judge